IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by JOHN DOE, )
and SUSAN DOE, her parents and natural )
guardians, )
                                           Plaintiffs )    C.A. No. 2:08-cv-910
   vs. )
)
UPPER ST. CLAIR SCHOOL DISTRICT, )
et al., )
                                     Defendants. )

## ORDER

AND NOW, this 7th day of July, 2008, upon consideration of Plaintiffs' Ex Parte Motion for Leave to Plead Using a Pseudonym and for Protective Order, and the Court finding that it is in the substantial interests of justice that Plaintiffs be permitted to proceed using pseudonyms and that a protective order is necessary to protect the interests involved, it is hereby ORDERED as follows:

1. The Plaintiffs shall be granted leave to proceed using pseudonyms in all pleadings and other documents except as provided herein;

2. The identity of any persons identified by pseudonyms in Plaintiffs' Complaint shall be used by the party receiving same solely for purposes of preparing for and conducting related pre-trial, post-trial, and appellate proceedings in this litigation only, and for no other purpose.

3. The term "identity" as used herein shall mean any of the persons identified by pseudonyms in Plaintiffs' Complaint, their names, addresses, telephone numbers, dates of birth, social security numbers, or e-mail addresses, and Education Records.[3]

---

[3] As that term is defined by the Family Educational Rights and Privacy Act (FERPA) 20 U.S.C. §1232g.

5

4. The identity of any person identified in Plaintiffs' Complaint by pseudonym may be disclosed, communicated or made available in whole or in part only to the following persons and only to the extent necessary for the proper conduct of this action or as otherwise directed by the Court:

- a. outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, and outside photocopying and document services companies, for use in accordance with this Protective Order;
- b. consultants or experts assisting counsel for the parties in this action;
- c. actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action;
- d. any person carrying on an insurance business who may be liable to satisfy part of all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment;
- e. parties or representatives of parties; and
- f. the Court in this action, pursuant to Paragraph 6 of this Protective Order, and court reporters employed in connection with this action.

5. Counsel for any person described in paragraph 4 (b)-(e) above who receives disclosure of the identity of any person identified in Plaintiffs' Complaint by pseudonym shall, prior to receiving such information, execute an Acknowledgment of Protective Order and Agreement to Be Bound in the form annexed hereto as Exhibit A. If a party shall disclose the identity of any person identified in Plaintiffs' Complaint by a pseudonym without first obtaining an executed Acknowledgment as required in this Paragraph then that party may be held in contempt and sanctioned by the Court, which sanction may include, in the Court's discretion, a fine or the striking of pleadings. Each party disclosing identity information hereunder shall retain all executed Acknowledgments and the dates thereof.

6. Counsel for any party filing with or submitting to the Court any materials disclosing the identity of any person identified in Plaintiffs' Complaint by pseudonym shall file with the materials, and serve on all parties, a notice that the documents are, or are claimed to be, subject to this Protective Order, identifying this Order by date, and shall submit such documents to the Clerk under seal.

7. In any Court hearing, or other proceeding before this Court, open to the public, counsel shall not disclose the identity of any person identified in Plaintiffs' Complaint by pseudonym without prior written notice to all other parties and an opportunity for them to seek relief from this Court.

8. Plaintiffs shall file under seal an un-redacted version of the Complaint in this action, in the real names of the Plaintiffs, in accordance with Fed. R. Civ. P. 10(a). The filed original of Plaintiffs' Complaint or any amendments thereto shall likewise be un-redacted and under seal. The service copies of any pleadings or amended pleadings may redact the real names of the Plaintiffs and others whose identities shall continue to be protected as set forth herein.

_____, J.