```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by JOHN DOE    )
and SUSAN DOE, her parents and    )
natural guardians,                )
                                  )
          Plaintiffs,             )
                                  )
     v.                           )     Civil Action No. 08-0910
                                  )
UPPER ST. CLAIR SCHOOL DISTRICT,  )
and DR. PATRICK T. O'TOOLE, in his)
individual capacity and as        )
Superintendent of Schools, and DR.)
TERRENCE KUSHNER, in his individual)
capacity and as Assistant         )
Superintendent and Director of    )
Secondary Education, and          )
DR. MICHAEL GHILANI, in his       )
individual capacity and as        )
Principal, and DR. SHARON SURITSKY)
in her individual capacity and as )
Supervisor of Special Education,  )
and JACE B. PALMER, in his        )
individual capacity and as        )
Assistant Principal, and          )
LOU ANGELO, in his individual     )
capacity and as Assistant         )
Principal, and ESTHER R. von      )
Waldow, f/k/a/ ESTHER R. HAGUEL,  )
in her individual capacity as     )
Intervention Specialist, and      )
JENNIFER WAGNER, in her individual)
capacity as a Teacher,            )
                                  )
          Defendants.             )
```

                       MEMORANDUM and ORDER

Gary L. Lancaster
District Judge.                              November 8, 2008

     This is an action in civil rights under Title IX of the

Civil Rights Act of 1964, 20 U.S.C. § 1681(a), section 1983 of the

Civil Rights Act of 1871, 42 U.S.C. § 1983, and Article I, Section

I of the Pennsylvania Constitution [doc. no. 1]. Plaintiffs bring this action on behalf of their minor daughter, Jane Doe. Pending before the court are the defendants' motions to dismiss the section 1983 claims, the Pennsylvania Constitution claim and the claim for punitive damages [doc. nos. 23, 26]. For the reasons set forth below, the motions will be granted.

I. BACKGROUND

The following material facts are set forth in plaintiffs' complaint and are accepted as true for purposes of this opinion.

During the 2007-2008 school year, Jane Doe attended Upper St. Clair High School as a special education student. On more than one occasion beginning in the fall of 2007 through February of 2008, another special education student in Jane Doe's class, identified herein as Michael Roe, sexually assaulted Jane Doe both outside of school and on school grounds.

Plaintiffs filed this action on June 30, 2008. Plaintiffs allege five counts. Count I alleges section 1983 claims against the individual defendants. Plaintiffs contend that the individual defendants failed to follow the school's disciplinary procedures with regard to Michael Roe, thereby violating Jane Doe's right to bodily integrity as guaranteed by the Fourteenth Amendment

2

to the United States Constitution.[1] Count II also alleges section 1983 claims against the individual defendants. Plaintiffs contend that the individual defendants adopted a policy of reckless indifference to the rights guaranteed to Jane Doe under the Fourteenth Amendment to the United States Constitution.

Count III alleges that the individual defendants adopted a policy of reckless indifference to the rights guaranteed to Jane Doe under Article I, Section I of the Pennsylvania Constitution.

Count IV alleges that defendant Upper St. Clair School District permitted peer on peer sexual harassment to occur, thereby depriving Jane Doe of educational opportunities in violation of Title IX.

Finally, Count V alleges that defendant Upper St. Clair School District failed to remedy a sexually hostile environment, thereby depriving Jane Doe of educational opportunities in violation of Title IX.

II. <u>MOTIONS TO DISMISS PURSUANT TO FED.R.CIV.P. 12(B)(6)</u>

Defendants have moved to dismiss Counts I, II and III as well as plaintiffs' claim for punitive damages. We will address each of plaintiffs' claims in turn.

---

[1] Plaintiffs concede that Count I should be dismissed against defendant von Waldow [doc. no 36 at 18].

1. <u>Counts I and II - Section 1983 Claims</u>

Counts I and II of plaintiffs' complaint allege section 1983 claims against the individual defendants. Section 1983 does not create substantive rights; but, it allows a plaintiff to recover damages for violations of rights protected by other federal laws or by the United States Constitution. <u>Gonzaga Univ. v. Doe</u>, 536 U.S. 273, 284-85 (2002); <u>Wilson v. Garcia</u>, 471 U.S. 261, 278 (1985). However, "[t]he Supreme Court has made clear that where a federal statute provides its own comprehensive enforcement scheme, Congress intended to foreclose a right of action under section 1983." <u>Williams v. The Sch. Dist. of Bethlehem, PA</u>, 998 F.2d 168, 176 (3d Cir. 1993) (citing <u>Middlesex County Sewerage Auth. v. Nat'l Sea Clammers Ass'n</u>, 453 U.S. 1, 20-21 (1981)). This limitation to section 1983, where a federal statute provides its own comprehensive enforcement scheme, is known as the <u>Sea Clammers</u> doctrine.

Defendants argue that plaintiffs' section 1983 claims are foreclosed pursuant to the <u>Sea Clammers</u> doctrine because they are based on conduct fully adressed by the comprehensive scheme in Title IX. Title IX of the Education Amendment of 1972 provides, in part, as follows:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

4

20 U.S.C. § 1681(a).

The Court of Appeals for the Third Circuit has held that Congress intended to foreclose a right of action under section 1983 by enacting Title IX. Williams, 998 F.2d at 176 (citing Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779, 789 (3d Cir. 1990)). Indeed, in Williams, the Court of Appeals for the Third Circuit stated,

> This court recently addressed the applicability of the Sea Clammers doctrine to cases in which plaintiff asserts a claim under title IX and the federal Constitution. In Pfeiffer v. Marion Center Area School District, 917 F.2d 779, 789 (3d Cir. 1990), we held that the constitutional claims are "subsumed" in title IX, and that the district court, having addressed the title IX claim, properly refused to hear plaintiff's section 1983 claim.

Id. Therefore, pursuant to Pfeiffer and Williams, plaintiffs' section 1983 claims are subsumed by Title IX and are dismissed.

We recognize that there is a split among the Circuit Courts of Appeal on this issue.[2] There is no dispute, however, that the current law in the Third Circuit is that section 1983 claims are subsumed by Title IX. See Lillard v. Shelby County Bd. Of Educ., 76 F.3d 716, 723 (6th Cir. 1996) ("the Third Circuit has

---

[2] The Supreme Court granted certiorari in Fitzgerald v. Barnstable School Committee, 504 F.3d 165, 177 (1st Cir. 2007) cert. granted, 128 S.Ct. 2903 (U.S. June 9, 2008) (No. 07-1125), a peer-on-peer sexual harassment case. Argument is scheduled for December 2, 2008.

5

held that constitutional claims under section 1983 are 'subsumed' in Title IX" (citing Pfeiffer, 917 F.2d at 789)).

Unless and until the Supreme Court holds otherwise, we are bound by controlling precedent which dictates that plaintiffs may not concurrently pursue claims under both Title IX and section 1983 for the same underlying conduct. Should there be a fundamental change in the law, as instructed by the Supreme Court during the pendency of this case, we will be open to reconsideration of this ruling.

Counts I and II of plaintiffs' complaint are, therefore, dismissed.

## 2. Count III - Pennsylvania Constitution Claim

In Count III, plaintiffs allege that the individual defendants adopted a policy of reckless indifference to the violations of the right of Jane Doe to bodily integrity as protected by the Declaration of Rights of the Constitution of Pennsylvania, Article I, Section I [doc. no 1 at ¶100]. The analysis for this claim, under the Pennsylvania Constitution, is the same as the analysis for Count II, wherein plaintiffs claim that defendants adopted a policy of reckless indifference to the violations of the rights of Jane Doe protected by the Fourteenth Amendment to the United States Constitution [doc. no. 1 at ¶97]. See Doe v. Allentown Sch. Dist., no. 06-1926, 2007 WL 2814587, *2 n.4 (E.D. Pa. Sept. 24, 2007) (citing Pa. Game Comm'n v. Marich,

6

666 A.2d 253, 255 n.6 (Pa. 1995) ("As we have held that the requirements of Article I, Section I of the Pennsylvania Constitution are not distinguishable from those of the 14th Amendment, ... , we may apply the same analysis to both claims."))

Although Count III is based on the Pennsylvania Constitution rather than the United States Constitution, it is still what is commonly known as a <u>Stoneking</u> claim. In <u>Stoneking v. Bradford Area Sch. Dist.</u>, 882 F.2d 720 (3d Cir. 1989), the plaintiff, a former high school student, alleged that she was sexually abused by the school's band director. She brought a section 1983 claim against the school district and its officials for adopting and maintaining a policy of reckless indifference to instances of sexual abuse of students by teachers. <u>Stoneking</u>, 882 F.2d 720. The plaintiff alleged that this policy of reckless indifference created a climate which, at a minimum, facilitated the sexual abuse of students by teachers, including the abuse suffered by plaintiff. <u>Id</u>.

The Court of Appeals for the Third Circuit held in <u>Stoneking</u> that the plaintiff's section 1983 claim was not foreclosed by <u>DeShaney v. Winnebago County, Dept. Of Social Servs.</u>, 489 U.S. 189, 197 (1989), wherein the Supreme Court held that "a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." The court distinguished <u>DeShaney</u> because in <u>DeShaney</u> the underlying

7

injury was caused by a private actor; in Stoneking the underlying harm was caused by a state actor. The court held:

> Nothing in DeShaney suggests that state officials may escape liability arising from their policies maintained in deliberate indifference to actions taken by their subordinates.

Stoneking, 882 F.2d 724-25. The court, therefore, concluded that because the underlying harm was caused by a state actor, the school's band director, Stoneking had pled a viable claim for liability under section 1983. Id. at 725.

Since then, our Court of Appeals has made clear that the lynchpin of a Stoneking claim is that the underlying harm was caused by a state actor. D.R. v. Middle Bucks Area Vocational Technical Sch., 972 F.2d 1364, 1376 (3d Cir. 1992). In D.R., a case factually indistinguishable from this one, the court dismissed the section 1983 claims brought by high school students who claimed they were molested by other students. The court held that the plaintiffs failed to state a Stoneking claim because, like here, "private actors committed the underlying violative acts." Id.

Here, the underlying conduct which violated Jane Doe's bodily integrity was caused by Michael Roe, a private actor.[3]

---

[3] Plaintiffs argue that they have not had an opportunity to conduct discovery [doc. no. 34]. However, no amount of discovery will change the fact that Michael Roe, a private actor, committed the underlying assaults against Jane Doe.

Because the underlying violation was not caused by a state actor, plaintiffs have failed to state a valid claim under Stoneking. Count III is, therefore, dismissed.

Remaining in the case are Counts IV and V under Title IX. The Title IX claims may be pursued against the Upper St. Clair School District only. See Bougher v. Univ. of Pittsburgh, 713 F.Supp. 139, 143 (W.D. Pa. 1989). All of the individual defendants are, therefore, dismissed from the case.

### 3. Claim for Punitive Damages

Defendants move to dismiss the plaintiffs' claim for punitive damages. Defendants assert that such damages are not recoverable against Upper St. Clair School District, a municipal entity. Conceding the point, plaintiffs respond that they only seek punitive damages from the individual defendants pursuant to their section 1983 claims [doc. no. 35 at 20]. As plaintiffs' section 1983 claims fail and the individual defendants are dismissed from the case, plaintiffs' claim for punitive damages also fails. The claim for punitive damages is, therefore, dismissed.

## III. MOTION TO STRIKE

Fed.R.Civ.P. 12(f) permits the court to strike "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." Fed.R.Civ.P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber And Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D. Pa. 2002) (citation omitted). A motion to strike is to be determined on the basis of the pleadings alone. Tonka Corp. v. Rose Art Indus., Inc., 836 F.Supp. 200, 218 (D.N.J. 1993).

Defendant von Waldow requests that the court strike from plaintiffs' complaint allegations regarding the sexual assaults of other students by Michael Roe [doc. no. 26 at ¶7]. At this stage in the proceedings, the court cannot say that these allegations have no possible relation to plaintiffs' remaining claims. Defendant von Waldow's motion to strike will, therefore, be denied.

IV. CONCLUSION

For the reasons set forth above, plaintiffs' section 1983 claims, Counts I and II, and the state constitution claim, Count III, are dismissed. Remaining are plaintiffs' Title IX claims against the Upper St. Clair School District, asserted in Counts IV and V. The individual defendants are, therefore, dismissed from the case. Plaintiffs' claim for punitive damages is also dismissed. Defendant von Waldow's motion to strike is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by JOHN DOE )
and SUSAN DOE, her parents and )
natural guardians, )
 )
     Plaintiffs, )
 )
     v. )    Civil Action No. 08-0910
 )
UPPER ST. CLAIR SCHOOL DISTRICT, )
and DR. PATRICK T. O'TOOLE, in his )
individual capacity and as )
Superintendent of Schools, and DR. )
TERRENCE KUSHNER, in his individual )
capacity and as Assistant )
Superintendent and Director of )
Secondary Education, and )
DR. MICHAEL GHILANI, in his )
individual capacity and as )
Principal, and DR. SHARON SURITSKY )
in her individual capacity and as )
Supervisor of Special Education, )
and JACE B. PALMER, in his )
individual capacity and as )
Assistant Principal, and )
LOU ANGELO, in his individual )
capacity and as Assistant )
Principal, and ESTHER R. von )
Waldow, f/k/a/ ESTHER R. HAGUEL, )
in her individual capacity as )
Intervention Specialist, and )
JENNIFER WAGNER, in her individual )
capacity as a Teacher, )
 )
     Defendants. )

## ORDER

AND NOW, this 8 day of November, 2008, IT IS HEREBY ORDERED that the partial motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) filed on behalf of defendants Upper St. Clair School District, Dr. Patrick O'Toole, Dr. Terrence Kushner, Dr. Michael Ghilani, Dr. Sharon Suritsky, Mr. Jace Palmer, Mr. Lou Angelo, and

Ms. Jennifer Wagner [doc. no. 23] is GRANTED. Plaintiffs' section 1983 claims, Counts I and II, and state constitution claim, Count III, are dismissed with prejudice. Plaintiffs' claim for punitive damages is also dismissed. The individual defendants are dismissed from the case.

IT IS FURTHER ORDERED THAT defendant von Waldow's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) [doc. no 26] is GRANTED. All claims against her are dismissed with prejudice. Defendant von Waldow's motion to strike [doc. no 26] is denied.

BY THE COURT:

_____, J.