IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by JOHN DOE, and SUSAN DOE, her parents and natural guardians,<br>        Plaintiffs<br>vs.<br>UPPER ST. CLAIR SCHOOL DISTRICT, et al.,<br>        Defendants. | C.A. No. 2:08-cv-910<br><br>AND NOW, THIS 17th DAY OF Feb 09, IT IS HEREBY ORDERED THAT THE WITHIN MOTION IS GRANTED.<br><br>_/s/ Gary L. Lancaster_<br>GARY L. LANCASTER,<br>UNITED STATES DISTRICT JUDGE |

### DOE's MOTION FOR RECONSIDERATION OF DISMISSAL OF COUNTS I AND II

1. On November 8, 2008, this Court entered a Memorandum and Order (Doc. #43) granting Defendant Von Waldow's motion to dismiss (Doc. #26), and the remaining Defendants' partial motion to dismiss (Doc. #23), including dismissing the punitive damages demand in the Complaint.

2. This Court's November 8, 2008 Memorandum Opinion concluded that the then "current law in the Third Circuit is that section 1983 claims are subsumed by Title IX" as set forth in *Pfeiffer v. Marion Ctr. Area Sch. Dist.*, 917 F.2d 779, 789 (3d Cir. 1990), and *Williams v. The Sch. Dist. Of Bethlehem, Pa.*, 998 F.2d 168 (3d Cir. 1993). Op. at 5 (Doc. #43).

3. Recognizing the pendency of the *Fitzgerald* case, then scheduled for oral argument to the Supreme Court on December 2, 2008, this Court stated that:

> "Unless and until the Supreme Court holds otherwise, we are bound by controlling precedent which dictates that plaintiffs may not concurrently pursue claims under both Title IX and section 1983 for the same underlying conduct. Should there be a fundamental change in the law, as