IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by JOHN DOE )
and SUSAN DOE, her parents and )
natural guardians, )
)
      Plaintiffs, )
)
    v. )    Civil Action No. 08-0910
)
UPPER ST. CLAIR SCHOOL DISTRICT, )
and DR. PATRICK T. O'TOOLE, in his )
individual capacity and as )
Superintendent of Schools, and DR. )
TERRENCE KUSHNER, in his individual )
capacity and as Assistant )
Superintendent and Director of )
Secondary Education, and )
DR. MICHAEL GHILANI, in his )
individual capacity and as )
Principal, and DR. SHARON SURITSKY )
in her individual capacity and as )
Supervisor of Special Education, )
and JACE B. PALMER, in his )
individual capacity and as )
Assistant Principal, and )
LOU ANGELO, in his individual )
capacity and as Assistant )
Principal, and ESTHER R. von )
Waldow, f/k/a/ ESTHER R. HAGUEL, )
in her individual capacity as )
Intervention Specialist, and )
JENNIFER WAGNER, in her individual )
capacity as a Teacher, )
)
      Defendants. )

## MEMORANDUM ORDER

AND NOW, this 19TH day of March, 2009, IT IS HEREBY ORDERED that the motion to quash subpoena pursuant to Rule 45(c)(3) or for protective order [Doc. No. 59] is DENIED.[1]

---

[1] The court recognizes that the Township of Upper St. Clair and the Upper St. Clair Police Department have cited 42 Pa. Const.

IT IS FURTHER ORDERED that the Township of Upper St. Clair and the Upper St. Clair Police Department shall provide plaintiffs with a full and complete copy of all of documents relating to the investigation of crimes or delinquent acts that gave rise to the juvenile delinquency petition filed with the Court of Common Pleas of Allegheny County, Pennsylvania, captioned: <u>In the Interest of C.N.</u>, Docket No. JV-08-000346, within twenty (20) days of the date of this Order. For purposes of this Order, said documents will hereinafter be referred to as "USC Police Documents."

IT IS FURTHER ORDERED that, until further Order of the court, if any, the USC Police Documents are deemed confidential and will be stamped "CONFIDENTIAL ATTORNEY EYES ONLY INFORMATION." The

---

Stat. Ann. §§ 5988, 6308, in support of their position that their documents relating the criminal investigation are confidential and not discoverable in this case. In federal court, however, discovery disputes are governed by federal law. State privileges only apply in federal court where state law governs the dispute. See Fed. R. Evid. 501.
    Rule 501 of the Federal Rules of Evidence provides that the federal law of privilege applies in federal courts except (1) in civil cases in which state law supplies the rule of decision, and (2) "as otherwise required by the Constitution of the United States or provided by Act of Congress or in rules prescribed by the Supreme Court pursuant to statutory authority." Fed. R. Evid. 501. It is clear from these provisions that the federal law of privilege generally applies in federal question cases, in which federal law supplies the rule of decision.
    This is a federal question case as plaintiff has alleged claims under Section 1983 and Title IX. Therefore, federal privilege law applies and the aforementioned state statutory confidentiality provisions do not govern the present dispute. See <u>Person v. Miller</u>, 211 F.3d 57, 66 (3d Cir. 2000).

2

USC Police Documents are not to be accessible to anyone other than the counsel of record in this case, except that counsel of record in this case may share said documents with any expert retained for purposes of this litigation. Any expert to whom the USC Police Documents are disclosed must abide by the terms of this Order.

IT IS FURTHER ORDERED that if any counsel of record believes it is necessary to share any USC Police Documents with someone other than a person who is permitted to review the documents under the foregoing provisions, he or she may move the court to do so.

IT IS FURTHER ORDERED that within thirty (30) days after final conclusion of this case (including conclusion of any appeals) all counsel of record in possession of any of the USC Police Documents, and any expert in possession of any of the USC Police Documents will destroy said documents.

BY THE COURT:

_____, J.

cc: All Counsel of Record