IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by JOHN DOE and SUSAN DOE, her parents and natural guardians, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>UPPER ST. CLAIR SCHOOL DISTRICT, et al. )<br><br>Defendants. ) | Civil Action No. 08-0910 |

MEMORANDUM and ORDER

Gary L. Lancaster,
Chief Judge.                                      February 26 2010

      Before the court are plaintiffs' motion to: 1) enforce subpoena for the deposition of third party Michael Roe and 2) compel the production of all records relating to Roe's juvenile delinquency adjudication. [Doc. No. 101]. Also before the court is Michael Roe's third party motion to quash plaintiffs' deposition subpoena [Doc. No. 102]. For the following reasons, Roe's motion to quash will be granted and plaintiffs' motion to compel records will be denied.

      In his motion to quash, Roe asserts his Fifth Amendment right against self-incrimination, arguing that the juvenile proceedings are ongoing, and that he may be forced to give incriminating testimony at the deposition. Because the Fifth Amendment right against self-incrimination applies to juveniles, the court will grant the motion to quash plaintiffs' subpoena. See Application of Gault, 387 U.S. 1, 47-48 (1967) ("It would indeed be

surprising if the privilege against self-incrimination were available to hardened criminals but not to children. The language of the Fifth Amendment, applicable to the States by operation of the Fourteenth Amendment, is unequivocal and without exception. And the scope of the privilege is comprehensive").

Plaintiffs also request a motion to compel all records from Roe's delinquency adjudication in the Court of Common Pleas of Allegheny County, at which Jane Doe made criminal allegations against Roe. Under Pennsylvania law, there is a compelling interest in protecting minor children's privacy rights and the protection of a minor child's privacy is a key aspect of the Juvenile Act, Pa C.S. § 6301, et seq. In re M.B., 819 A.2d 59, 65 (Pa. Super. 2003). The Act demonstrates Pennsylvania's "compelling interest in safeguarding children involved in juvenile proceedings." Id. Furthermore, documents prepared in the course of proceedings under the Pennsylvania Juvenile Act are protected from dissemination. 42 Pa.C.S.A. § 6307. Only persons "having a legitimate interest in the proceedings" may have access to the information, but only with prior approval of the court. 42 Pa.C.S.A. § 6307(7). Plaintiffs do not provide reason to overcome the strong interest in protecting the confidentiality of Roe, who is not a party to this lawsuit. The court will therefore not grant access to the requested records.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JANE DOE, a minor, by JOHN DOE and SUSAN DOE, her parents and natural guardians,<br><br>      Plaintiffs,<br><br>  vs.<br><br>UPPER ST. CLAIR SCHOOL DISTRICT, et al.<br><br>      Defendants. | Civil Action No. 08-0910 |

## ORDER

AND NOW, this 26th day of February, 2010, IT IS HEREBY ORDERED that Roe's third party motion to quash subpoena is GRANTED [Doc. No. 102] and plaintiffs' motion to compel records is DENIED. [Doc. No. 101].

BY THE COURT:

_____, C.J.

cc: All Counsel of Record