IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JANE DOE, a minor, by JOHN DOE )
and SUSAN DOE, her parents and )
natural guardians, )
)
Plaintiffs, )
)
vs. ) Civil Action No. 08-0910
)
UPPER ST. CLAIR SCHOOL DISTRICT, )
)
et al. )
)
Defendants. )

ORDER

AND NOW, this 10th day of January, 2011, upon consideration of the Petition To Approve Settlement Agreement and Authorize Distribution of Settlement Proceeds [doc. no. 190], it is HEREBY ORDERED that the Petition is GRANTED.

This court allowed both the Petition To Approve Settlement Agreement and Authorize Distribution of Settlement Proceeds as well as the Settlement Agreement itself to be filed under seal. Typically, settlement agreements remain private and are not required to be filed with the court or to be made available to the public as court records. However, in this case, the court has a special relationship with and duty to plaintiff because she is a minor.[1] As a result, this Court must review the terms of the settlement agreement to ensure that they

---

[1] The court understands that plaintiff will reach the age of majority in 60 days, at which time she would not have to petition to submit settlement papers to the court.

are fair, reasonable, and in the child's best interest, as required by law. It is only because of this special duty that an agreement that would otherwise remain private must be filed with the court.

This case was filed by the parents of a minor child who was the alleged victim of a violent sexual assault. Maintaining the privacy of that minor's identity is of utmost importance, as evidenced by the fact that local media has refused to identify the plaintiff throughout this litigation. The court also has a duty to ensure that citizens can file lawsuits that involve such sensitive subject matter in their federal courts without the risk of public exposure of their identities, their proprietary medical information, or their willingness to and the circumstances under which they will compromise their claims. Therefore, we find that privacy concerns related to the minor plaintiff outweigh considerations of public access, especially where, but for the age of the victim, the terms of the settlement agreement at issue would not be made a part of court record.

The court has also determined that a hearing to consider the appropriateness of the settlement is not necessary given that this case has been litigated before the court for more than two years, given that the parties recently appeared before the court for oral argument on their motions for summary

judgment, which were extensively briefed, and given that the Petition for Approval of Settlement Agreement and Release includes detailed and extensive medical and personal information. Thus the court is well-versed in the facts of this case as well as the legal claims and defenses at issue.

In determining whether to approve the Settlement Agreement presented by the parties, the court has considered the sufficiency of the information provided, the fairness of the proposed settlement, and the reasonableness of the requested fees. The court has done so with an eye towards protecting the best interests of the minor plaintiff, preventing a settlement that is unfair to the minor, and ensuring that the minor receive the benefit of any monies awarded. Additionally, this court has weighed the risk and emotional toll that a trial might have on the plaintiff and considers the prospect of a final settlement and a guaranteed payment beneficial to the minor in this case. We conclude that the terms of the Settlement Agreement, which provide resources for the minor to obtain future treatment, if necessary, and to compensate her for her injuries, are fair. We also find that the proposed award of attorneys' fees is reasonable.

Therefore, we grant the Petition To Approve Settlement Agreement and Authorize Distribution of Settlement Proceeds.

BY THE COURT:

_____, C.J.

cc: All Counsel of Record